UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BRYANT BOWMAN, aka ABDULLAH MUHAMMED NAYM SALAAM, CDCR #T-86719,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH AND HUMAN SERVICES AGENCY; CHILD WELFARE SERVICES,<br><br>Defendants. | Case No.:  3:21-cv-01287-BTM-MDD<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO Fed. R. Civ. P. 8(a)(1), (2), 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1)** |

Plaintiff, Jerry Bowman, currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, and proceeding pro se has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.)  Bowman did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his Motion to Proceed IFP, Plaintiff has submitted a CCI Prison Certificate and copy of his CDCR Inmate Statement Report. (*See* ECF No. 2 at 3, 7–9.) *See also* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff had no money in his trust account during the six-month period prior to his filing suit, and consequently no available balance to his credit at the time of filing. (*See* ECF No. 2 at 3, 7.) Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 84–85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Instead, the Court **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

   A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

*Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Discussion</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

As currently presented, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 677-78; 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1). This is because Plaintiff's Complaint contains no factual allegations whatsoever. He names the State of California's "Health and Human Services Agency" and "Child Welfare Services" as the

sole Defendants, but he does not say what either agency, or any person employed by either of those agencies did, failed to do, or how those acts or omissions caused a violation of any identifiable Constitutional right. (*See* Compl. at 1–3). In fact, while Plaintiff used the Court's form fill-in-the-blank § 1983 Civil Rights Complaint form which asks him to list Defendants by name and explain how each "was acting under color of law," Plaintiff leaves the form blank. (*Id.* at 3.) In the "Causes of Action" section of his pleading, when asked to identify which of his civil rights has been violated, to "include all facts [he] consider[s] important," to "state what happened clearly and in [his] own words," and to "describe exactly what each defendant, by name, did to violate [his] right[s]," he merely asks the Court to consult the nearly 400 pages of exhibits he has attached. (*Id.*)

These exhibits are comprised of a miscellaneous jumble of Judicial Council of California "application-petition" forms Plaintiff appears to have completed, but seemingly not to have actually filed, in San Diego County Superior Court. Included are petitions for resentencing and dismissal, a certification of rehabilitation or pardon, a writ of habeas corpus under California's Lanterman-Petris Short ("LPS") Act,[2] petitions to seal arrest and related records, motions for expungement of DNA profiles and samples, to waive court fees, and for modification of sentence, and random portions of criminal trial records and orders issued San Diego Superior Court Case Nos. SCS159198, SCS171389, SCS227759.[3]

---

[2] California's LPS Act, Cal. Welf. & Inst. Code §§ 5000 *et seq.*, is "a comprehensive scheme designed to address a variety of circumstances in which a member of the general population may need to be evaluated or treated for different lengths of time." *Cooley v. Superior Ct.*, 29 Cal. 4th 228, 253 (2002).

[3] Plaintiff was convicted of robbery and false imprisonment in 2010 in San Diego Superior Court Case No. SCS227759, and sentenced to an aggregate term of 16 years due to several sentence enhancements and prison and strike priors. *See People v. Bowman,* 202 Cal. App. 4th 353, 354-56 (4th Dist. Ct. App. March 14, 2011). His conviction and sentence were affirmed on direct appeal. *Id.* at 367. Plaintiff's subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as untimely by U.S. District Judge Cynthia Bashant on July 27, 2016. *See Bowman v. Perry,* No. 15-CV-01235-BAS (KSC),

(*See* Compl. at 13–18, 48, 83–86, 102–103, 105–107, 120–128, 228–235, 289–329.) In addition, Plaintiff includes CDCR Inmate/Parolee Appeal, Legal Status Summary, and Medical Classification Chronos and Mental Health Documentation forms, *id.* at 201–206, 220–221, 351–367, a State of California Determinate Sentence Calculation Worksheet, a Release Date Change Notice, *id.* at 222–226, the text of 2017 California Assembly Bill 1793 and California Senate Bill 420, newspaper articles and Wikipedia pages discussing the regulation of medical marijuana, *id.* at 207–209, 236–288, and letters and brochures provided to him by various San Diego County Social Service agencies. (*Id.* at 330–350.)

This type of submission falls far short of stating a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See Iqbal*, 556 U.S. at 677-78. In addition to the grounds for *sua sponte* dismissal set out in § 1915(e)(2)(B) and § 1915A(b), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations."). "Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era, but it does not

---

2016 WL 4013675, at *6 (S.D. Cal. July 27, 2016). Plaintiff did not appeal the dismissal of his habeas petition to the Ninth Circuit.

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Thus, where a "[p]laintiff fails to identify the specific claims he brings, much less the intended targets of such claims …. [and] [d]isentangling and interpreting plaintiff's complaint would be excessively time-consuming for the court," a sua sponte dismissal pursuant to Rule 8 is appropriate. *Kuzmicki v. Hanrahan*, No. 3:17-CV-00342-RCJ-VPC, 2017 WL 3996400, at *4 (D. Nev. Sept. 11, 2017), *report and recommendation adopted*, No. 3:17-CV-00342-RCJ-VPC, 2017 WL 4873065 (D. Nev. Oct. 27, 2017) (citing *McHenry*, 84 F.3d at 1179).

   And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even pro se litigants must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim. *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Complaints like the one Plaintiff has filed, which "tender [only] 'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). At most, Plaintiff refers to the "ADA," his "fully verified disability[ies]," and his need for "reasonable accommodations," *see* Compl. at 8, but these are merely statutes and conclusions, which while they "can provide the framework of a complaint, . . . must be supported by factual allegations" lest the Plaintiff face dismissal. *Iqbal*, 556 U.S. at 678.

   In short, it is "'not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading.'" *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) (citation omitted). "[A] pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and

refined into a cognizable claim.'" *Thomas v. Donovan*, No. 3:19-CV-02181-JAH-RBB, 2020 WL 5106663, at *5 (S.D. Cal. Aug. 28, 2020) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017)). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

Accordingly, the Court **DISMISSES** Plaintiff's Complaint sua sponte pursuant to Fed. R. Civ. P. 8(a)(1), (2) and 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted, but will give him the opportunity to fix his pleading deficiencies, if he can. *See Lopez*, 203 F.3d at 1130 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted); *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).

**III.   Conclusion and Orders**

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

     3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

     4.     **DISMISSES** Plaintiff's Complaint in its entirety for failing to comply with the Federal Rule of Civil Procedure 8 and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

     5.     **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 13, 2021

                                           Hon. Barry Ted Moskowitz
                                           United States District Judge