UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BRYANT BOWMAN, aka ABDULLAH MUHAMMED NAYM SALAAM, CDCR #T-86719,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>HEALTH AND HUMAN SERVICES AGENCY; CHILD WELFARE SERVICES,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01287-BTM-MDD<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO COMPLY WITH Fed. R. Civ. P. 8(a) AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)(1)**<br><br>[ECF Nos. 4, 5] |

　　Plaintiff, Jerry Bowman, a prisoner at California Correctional Institution ("CCI") in Tehachapi, California, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Bowman's original Complaint was dismissed sua sponte for failing to comply with Federal Rule of Civil Procedure 8 and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). *See* ECF No. 3. The Court's Order explained Bowman's pleading deficiencies and provided him with a chance to fix them. *Id.* at 4–8. Bowman has since filed an Amended Complaint, but it again comprises hundreds of pages of random exhibits and makes no attempt to address

the fundamental pleading problems identified in the Court's previous Order. *See* ECF Nos. 4, 5. Therefore, for the reasons explained more fully below, the Court also dismisses Bowman's Amended Complaint both for failing to comply with Rule 8 and for failing to state any plausible claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and this time concludes further efforts to amend would be futile.

## I.  Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A.  Standard of Review

As the Court noted in its previous Order, because Bowman is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Belanus v. Clark,* 796 F.3d 1021, 1027 (9th Cir. 2015) (Section 1915(e)(2)'s "pre-screening provision applies only to in forma pauperis proceedings."); *Byrd v. Phoenix Police Dept.*, 885 F.3d 639, 641 (9th Cir. 2018) (Section 1915A(a) requires pre-answer screening for "certain prisoner civil rights litigation."). Under both these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted); *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Discussion</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

As originally pleaded and as again presented in his Amended Complaint, Bowman's submissions clearly fail to comply with Rule 8's "short and plain statement" requirements and demonstrate no effort to state a plausible Section 1983 claim for relief. *See Iqbal*, 556 U.S. at 677–78; 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1). This is because Bowman's Amended Complaint, like his original, contains no factual allegations whatsoever. It is jumbled, incoherent, incomplete, and practically illegible. In fact, Bowman's Amended Complaint doesn't even identify the Defendants he seeks to sue. *See* ECF No. 4 at 1–5.

Instead, Bowman repeatedly refers to California Propositions 215 and 64 and California State and Assembly Bills SB 420, AB 94, AB 133, and AB 1793, identifies what appear to be the San Diego Superior Court criminal case numbers for his underlying California Health & Safety Code convictions in SCS159198, SCS227739, SCS171309, cites "ineffective assistance of counsel," alludes to a misdemeanor that was "suppose[d] to be dismiss[ed] & seal[ed]" and a failure to grant him "credit for time served," and

proclaims his use of marijuana was a medical necessity. *Id.* In lieu of any attempt to assert a short and plain claim for relief under Section 1983 as the Court previously advised he must, Bowman merely continues to ask the Court to "please see" a miscellaneous collection of Judicial Council of California "application-petition" forms he has completed, but may or may not have actually filed in San Diego County Superior Court. *See* ECF No. 4 at 1. Included are random and repetitious form petitions for resentencing and dismissal, requests to seal arrest and related records, motions for expungement of DNA profiles and to waive court fees, requests for modification of sentence, and partial unexplained portions of his criminal trial and appellate records in SCS159198, SCS171389, SCS227759.[1] *See* ECF No. 4 at 6–11, 22–103; ECF No. 5 at 3–51.

As the Court noted in its previous Order, this type of pleading falls far short of stating a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See Iqbal*, 556 U.S. at 677–78. Complaints like Bowman's violate Rule 8 because they fail to serve a pleading's essential function: to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release,

---

[1] Bowman was convicted of robbery and false imprisonment in 2010 in San Diego Superior Court Case No. SCS227759, and sentenced to an aggregate term of 16 years due to several sentence enhancements and prison and strike priors. *See People v. Bowman,* 202 Cal. App. 4th 353, 354–56 (4th Dist. Ct. App. March 14, 2011). His conviction and sentence were affirmed on direct appeal. *Id.* at 367. Bowman's subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as untimely by U.S. District Judge Cynthia Bashant on July 27, 2016. *See Bowman v. Perry,* No. 15-CV-01235-BAS (KSC), 2016 WL 4013675, at *6 (S.D. Cal. July 27, 2016). No appeal of Judge Bashant's dismissal of his habeas petition was filed in the Ninth Circuit.

prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *see also Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling."). "Our district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations." *Cafasso*, 637 F.3d at 1059.

"Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.  Thus, where a "[p]laintiff fails to identify the specific claims he brings, much less the intended targets of such claims …. [and] [d]isentangling and interpreting plaintiff's complaint would be excessively time-consuming for the court," a sua sponte dismissal pursuant to Rule 8 is appropriate. *Kuzmicki v. Hanrahan*, No. 3:17-CV-00342-RCJ-VPC, 2017 WL 3996400, at *4 (D. Nev. Sept. 11, 2017), *report and recommendation adopted*, No. 3:17-CV-00342-RCJ-VPC, 2017 WL 4873065 (D. Nev. Oct. 27, 2017) (citing *McHenry*, 84 F.3d at 1179).

The Court knows well that it "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  But it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (quoting

*U.S. ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Thus, "Rule 8 does not allow for the unintelligible pleadings" even in pro se cases. *See Armendariz v. JP Morgan Chase Bank N.A.*, 2011 WL 13359417, at *2 (S.D. Cal. Nov. 10, 2011).

In sum, because Bowman's Amended Complaint does not state any plausible claim upon which Section 1983 relief can be granted, and it is "'not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading,'" *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) (citation omitted), it must be dismissed sua sponte pursuant to Federal Rule of Civil Procedure 8(a), 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).[2]

C. <u>Leave to Amend</u>

Because Bowman has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend to no avail, the Court finds granting him yet another opportunity to amend would prove futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007

---

[2] The Court has previously advised Bowman that the submission of voluminous and random exhibits would not serve as substitute for a short and well-pleaded claim for relief. *See* ECF No. 3 at 7–8. But that warning has gone unheeded. *See, e.g.,* ECF No. 4 at 6–165; ECF No. 5 at 1–49. "[A] pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim.'" *Thomas v. Donovan*, No. 3:19-CV-02181-JAH-RBB, 2020 WL 5106663, at *5 (S.D. Cal. Aug. 28, 2020) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017)). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

(9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that court need not permit amendment when "it is absolutely clear that the deficiencies of the complaint could not be cured.") (citation omitted).

## II. Conclusion and Orders

For the foregoing reasons, the Court **DISMISSES** this civil action without further leave to amend based on Bowman's failure to comply with Federal Rule of Civil Procedure 8(a) and his failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1); **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: August 1, 2022

Hon. Barry Ted Moskowitz
United States District Judge